UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIG BABOON, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE K. LEE, et al., <br><br> Defendants. | CASE NO. C14-1771JLR <br><br> ORDER GRANTING MOTION TO DISMISS |

## I.  INTRODUCTION

Before the court is Defendants Michelle K. Lee and the United States Patent and Trademark Office's (collectively "USPTO") Federal Rule of Civil Procedure 12(b)(1) motion to dismiss Plaintiff Big Baboon, Inc.'s ("BBI") complaint for lack of subject matter jurisdiction. (Mot. (Dkt. # 15).) The court has considered the motion, all submissions filed in support of or opposition thereto, the balance of the record, and the

ORDER- 1

applicable law. Being fully advised,[1] the court GRANTS USPTO's motion and DISMISSES BBI's complaint without prejudice.

## II.     BACKGROUND

This case arises out of USPTO's *ex parte* reexamination of two patents owned by BBI. (Compl. (Dkt. # 1) ¶ 5.) BBI alleges that it is the assignee and owner of United States Patent No. 6,115,690 ("the '690 Patent") and United States Patent No. 6,343,275 ("the '275 Patent"). (*Id.* ¶¶ 5, 16.) Specifically, BBI seeks review of USPTO's Director's denial of two 37 C.F.R. § 1.181 petitions that BBI filed during the pendency of the reexamination proceedings of the '690 and the '275 Patents. (*See id.* ¶¶ 5, 54, 63, 67.)

### A.  Ex Parte Reexamintion

The purpose of the reexamination process is to increase the reliability of USPTO action in issuing a patent by reexamination of patents thought doubtful. *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). The statutory provision authorizes "[a]ny person at any time" to file a request with USPTO to reexamine a patent that USPTO has already issued "on the basis of any prior art cited." 35 U.S.C. § 302. If USPTO determines that there is a "substantial new question of patentability," 35 U.S.C. § 303(a), "the determination will include an order for reexamination of the patent for resolution of the question," 35 U.S.C. § 304.

---

[1] USPTO requested oral argument on the motion to dismiss (Mot. at 1), but BBI did not (Resp. (Dkt. # 19) at 1). The parties have had a full opportunity to brief this matter to the court, and the court deems oral argument to be unnecessary for its disposition of this motion.

### B. Petitions under 37 C.F.R. §§ 1.181-1.183

The USPTO has also established a separate process for filing petitions to address or challenge certain matters not directly involving the merits of an examiner's rejection of a patent claim. *See* 37 C.F.R. §§ 1.181-1.183. A petition under § 1.181 may be filed to challenge an examiner's action that is not appealable to the Board or to "invoke the supervisory authority of the Director in appropriate circumstances." 37 C.F.R. § 1.181(a).

### C. Requests for Reexamination of the '690 and '275 Patents

On April 28, 2010, a third party filed a request for an *ex parte* reexamination of the '275 Patent, which included declarations by Stephan Nuber ("Nuber Declaration") and Chris Burton ("Burton Declaration"), with attached prior art references. (Compl. ¶ 19.) On May 10, 2010, an entity, which is not a party to this lawsuit, filed a request for *ex parte* reexamination of the '690 Patent, which also included the same two identical declarations. (*Id.* ¶ 20.) Generally, these declarations describe the circumstances of when and how the appended prior art references were published and became available to the public. (*Id.* Exs. 1, 2.) Soon thereafter, USPTO instituted reexamination proceedings regarding both the '690 Patent and the '275 Patent. (*Id.* ¶¶ 21, 22.) BBI objected to USPTO's reliance on the Nuber and Burton Declarations and their attachments during the course of the *ex parte* reexaminations of both the '275 and the '690 Patents. (*Id.* ¶¶ 44, 56.)

//

//

### E. BBI's § 1.181 Petition During the '275 Patent

On December 12, 2013, during the pendency of the reexamination proceedings concerning the '275 Patent, BBI filed a petition under 37 C.F.R. § 1.181 to the Director of USPTO. (Compl. ¶ 49, Ex. 3.) BBI reiterated its objections to the Examiner's reliance on the Nuber and Burton Declarations and their attachments and sought an order precluding the Examiner from relying on the declaration and their attachments as prior art. (*Id.* ¶ 51, Ex. 3.) BBI argued that the Nuber Declaration was inadmissible under the Federal Rules of Evidence and unreliable. (*Id.* Ex. 3.) The Director denied BBI's § 1.181 petition on March 26, 2014, and found that the Examiner had followed the procedures of USPTO when he relied on documents attached to the Nuber Declaration as prior art to reject claims of the '275 Patent. (*Id.* ¶ 52, Ex. 4 at 4.)

### D. BBI's § 1.181 Petition During '690 Patent Reexamination

Just as it had during the reexamination of the '275 Patent, on December 12, 2013, BBI filed a petition under 37 C.F.R. § 1.181 with the Director of USPTO during the pendency of the reexaminaiton of the '690 Patent. (*Id.* ¶ 60.) BBI reiterated its objection to the Examiner's reliance on the Nuber and Burton Declaration and the Declarations' attachments and sought an order precluding the Examiner from relying on the Nuber and Burton Declarations and their cited prior art reference. (*Id.* ¶ 61, Ex. 6.) BBI argued that the Nuber Declaration was inadmissible under the Federal Rules of Evidence and unreliable. (*See id.* Ex. 6) USPTO denied BBI's § 1.181 petition on March 26, 2014, finding that the Examiner properly followed USPTO procedure in relying on the Nuber

Declaration and determining that the reference was prior art to the claims at issue in the '690 Patent.  (*Id.* ¶ 62, Ex. 7.)

### E. BBI's Appeals of the Examiner's Decisions Concerning the '690 and '275 Patents

On May 4, 2012, the Examiner issued a final rejection of the claims of the '690 Patent.  (*Id.* ¶ 57.)  On August 1, 2012, the Examiner issued a final rejection of the '275 Patent.  (*Id.* ¶ 46.)  BBI appealed both of the Examiner's decisions rejecting the claims of the '275 and '690 Patents to the Patent Trial and Appeals Board ("the Board").  (*Id.* ¶¶ 47-48, 58-59.)  BBI's appeal on the merits of the rejection of the '690 Patent remains pending at the Board.  (*See id.* ¶¶ 58-59.)

On March 28, 2014, the Board affirmed the Examiner's rejection of the '275 Patent claims.  (*Id.* Ex. 5.)  The Board stated that its decision did not address BBI's arguments concerning the Nuber and Burton Declarations based on due process, the Federal Rules of Evidence, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 556(d). (*Id.* at 17.)  However, the Board did find that the source documents submitted with the Nuber Declaration were consistent with and corroborated his testimony, that the Nuber Declaration was corroborated through independent sources, and that Mr. Nuber's testimony was persuasive.  (*Id.* at 18-21.)  The Board also rejected BBI's general objections with respect to the Burton Declaration.  (*Id.* at 21.)

BBI filed a Notice of Appeal to the Court of Appeals for the Federal Circuit on May 14, 2014, concerning the Board's decision on the '275 Patent.  (*See* Mot. at 8 (citing *In re Big Baboon, Inc.*, No. 14-160, Dkt. ## 1-2 (Fed. Cir.)).)  In BBI's briefing to the

ORDER- 5

Federal Circuit, BBI did not raise its challenge to the Nuber or Burton Declarations.  (*See id.* (citing *In re Big Baboon, Inc.*, No. 14-1601, Dkt. ## 22, 29).)

### III.   ANALYSIS

**A. Standards**

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on subject matter jurisdiction.  A Rule 12(b)(1) motion to dismiss may be based on either a "factual" or a "facial" challenge to subject matter jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack on subject matter jurisdiction is based on the assertion that the allegations in the complaint are insufficient as a matter of law to invoke federal jurisdiction.  *Id.*  "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'"  *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)).  Here, USPTO raises a facial challenge that the allegations of BBI's complaint do not give rise to federal subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are presumed to lack subject matter jurisdiction until it is otherwise demonstrated.  *See Kokkomen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The party invoking the court's jurisdiction bears the burden of establishing its presence.  *Id.*  "'[F]inal agency action' is a jurisdictional requirement imposed by [APA, 5 U.S.C. § 704]."  *Ukiah Valley Med. Ctr. v. FTC*, 911 F.2d 261, 266 (9th Cir. 1990); *see also Fairbanks N. Star Borough v. U.S. Army Corps of*

*Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008).[2]  Courts dismiss complaints against USPTO that are filed prior to seeking final agency action for lack of subject matter jurisdiction. *See, e.g.*, *Zhengxing v. USPTO*, 579 F. Supp. 2d 160 (D.D.C. 2008).

### B.  Final Agency Action

BBI challenges the two USPTO decisions denying BBI's § 1.181 petitions for orders precluding the Examiner, in the reexamination proceedings of the '275 and '690 Patents, from relying on allegedly inadmissible and unreliable declarations and their attachments containing prior art documents.  (*See generally* Compl.)  USPTO asserts that the decisions denying BBI's § 1.181 petitions were "purely procedural" decisions and not final agency actions.  (Resp. at 10.)  Accordingly, USPTO argues that the § 1.181 petition decisions are not reviewable under the APA.

The APA distinguishes between "final" agency actions and "preliminary, procedural, or intermediate" agency actions.  *See* 5 U.S.C. § 704.  Generally, under the APA, "final" agency action is required before judicial review is appropriate.  *See id.* ("[F]inal agency action for which there is no other adequate remedy in a court [is] subject

---

[2] Citing Supreme Court precedents, the Federal Circuit recently raised the issue of whether the APA's final-agency-action requirement is truly jurisdictional in nature.  *See Automated Merchandising Sys., Inc. v. Lee*, --- F.3d ----, 2015 WL 1600058, at *2 (Fed. Cir. Apr. 10, 2015) (quoting *Air Courier Conference of Am. v. Am. Postal Workers Union*, 498 U.S. 517, 523 n.3 (1991) ("The judicial review provisions of the APA are not jurisdictional, . . . so a defense based on exemption from the APA can be waived by the Government.") (internal citation omitted)).  Although Federal Circuit raised the issue, it declined to decide it.  *Id.* ("We need not decide whether the APA's final-agency-action requirement is jurisdiction in that sense.").  Like the Federal Circuit, this court need not decide whether Supreme Court precedent requires a departure from the Ninth Circuit authority cited above because the result here would be the same irrespective of whether the issue is decided as a jurisdictional one under Rule 12(b)(1) or as a non-jurisdictional motion to dismiss under Rule 12(b)(6).

to judicial review."). In contrast, "[a] preliminary, procedural, or intermediate agency action or ruling" is only "subject to review on review of the final agency action." *Id.*

For an agency action to be final, it must satisfy two conditions: (1) "the action must mark the consummation of the agency's decisionmaking process—it must not be merely tentative or interlocutory in nature"; and (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotations and citations omitted); *see also Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006) ("The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties."). Both conditions must be met for the court to conclude that the agency's action is final. *See Defenders of Wildlife v. Tuggle*, 607 F. Supp. 2d 1095, 1099 (D.Ariz. 2009).

**1. Consummation of the Agency's Decisionmaking Process**

USPTO argues and the court agrees that the challenged § 1.181 petition decisions do not mark the consummation of USPTO's decisionmaking process. (*See* Mot. at 11-12.) The § 1.181 petition decisions at issue represent classic interlocutory or procedural decisions concerning only whether certain declaratory evidence and accompanying attachments can be relied upon by the Examiner in a reexamination proceeding. As such, they are not appealable under the APA. *See* 5 U.S.C. § 704. Just as "[c]ourts have analogized the requirement of 'final agency action' in [] the APA to the final judgment requirement of 28 U.S.C. § 1291," *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 288 (5th Cir. 1999), so too are the § 1.181 petition decisions at issue here analogous to a court's

decision regarding a discovery motion or a motion in limine before trial. Accordingly, just as discovery or in limine motions are not appealable under 28 U.S.C. § 1291,[3] so too the § 1.181 petition decisions at issue here not appealable under the APA.

BBI nevertheless argues that the USPTO's Manual of Patent Examining Procedure ("MPEP") describes the Director's decision on a § 1.181 petition as a "final agency decision." (Resp. at 6-8.) BBI argues that although the MPEP "does not have the force of law," *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1425 (Fed. Cir. 1988), it is "entitled to judicial notice as an official interpretation of statutes [and] regulations as long as it is not in conflict therewith," *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180 n.10 (Fed. Cir. 1985). (Resp. at 6-7.)

Courts, however, must "consider whether the practical effects of an agency's decision make it a final agency action, regardless of how it is labeled." *Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1094-95 (9th Cir. 2014). The fact, therefore, that the decision of the Director denying a § 1.181 petition "may be viewed as a final agency decision" with respect to the specific evidentiary issue to which the petition relates, *see* MPEP 1002.02, does not mean that the Director's decision is a "final agency action" within the meaning of the APA. *See, e.g.*, *Indus. Customers of Nw. Utils. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (9th Cir. 2005) ("[T]he fact that a

---

[3] *See, e.g.*, *In re Carco Electronics*, 536 F.3d 211, 213 (3d Cir. 2008) ("It's axiomatic that discovery orders 'are not final orders . . . for purposes of obtaining appellate jurisdiction . . . .'"); *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 n.2 (Fed. Cir. 1991) ("[I]t is settled that discovery orders issued within the context of a primary proceeding are generally not appealable orders"); *Coursen v. A.H. Robbins Co., Inc.*, 764 F.2d 1329, 1342 (9th Cir. 1985) ("Rulings on *in limine* motions are not final appealable orders under 28 U.S.C. § 1291").

statement may be definitive on some issue is insufficient to create a final action subject to judicial review."); *R.R. Donnelley & Sons Co. v. FTC*, 931 F.2d 430, 431 (7th Cir. 1991) (distinguishing between "[r]esolution of an issue" and "resolution of a case" for determining final agency action). Instead, the final agency action here is the decision of the Board on the merits of the reexaminations of the '275 and '690 Patents. Once the Board rules, then that decision, as well as any related interlocutory petition decisions, may be appealed to the Federal Circuit. *See* 35 U.S.C. § 306 (providing that a petitioner can appeal adverse decisions to the Federal Circuit after reexaminations are complete).

### 2. The Flow of Legal Consequences

The § 1.181 petition decisions at issue also are not final because they do not determine any substantive rights or obligations, and legal consequences do not flow from the decisions. *See Bennett*, 520 U.S. at 177-78. Instead, these decisions only determine the evidence available in the administrative proceedings that will resolve BBI's substantive rights with respect to the '275 and '690 Patents. The Ninth Circuit's reasoning in *Fairbanks v. North Star Borough v. U.S. Army Corps of Engineers*, 543 F.3d 586 (9th Cir. 2008), is instructive. In that case, the Army Corps had issued a jurisdictional determination finding that the plaintiff's property contained wetlands subject to Clean Water Act regulations. *Id.* at 598. The court reasoned that that this action was not final agency action under the APA because under the second prong of *Bennett* plaintiff's "rights and obligations remain[ed] unchanged" by the determination and the decision did not "itself command [the plaintiff] to do or forebear from anything." *Id.* at 594. Similarly, here, USPTO's denial of BBI's § 1.181 petitions did not resolve the

reexaminations of the '275 and '690 Patents. *See also Am. Airlines*, 176 F.3d at 288 ("[T]he Supreme Court has defined a nonfinal agency order as one that 'does not itself adversely affect complainant but only affects his rights adversely on the contingency of future administrative action.'").[4]

For the above reasons, the court concludes that neither prong of the *Bennett* test is met here. Accordingly, USPTO's denial of the § 1.181 petitions at issue here are not final agency actions and are not reviewable under the APA, 5 U.S.C. § 704.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS USPTO's Rule 12(b)(1) motion to dismiss (Dkt. # 15) and DISMISSES BBI's complaint WITHOUT PREJUDICE.

Dated this 4th day of May, 2015.

JAMES L. ROBART
United States District Judge

---

[4] BBI asserts that *Land O'Lakes Inc. v. Kappos*, No. 11-1257 (DWF/TNL), 2013 WL 68629 (D. Min. Jan. 7, 2013), stands for the proposition that § 1.181 petition decisions are final agency actions subject to judicial review under the APA. (Resp. at 8.) The *Land O'Lakes* court, however, did not so rule. Indeed, the court did not address the jurisdictional issue at all because neither party raised it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1996) ("[W]e have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect.").